IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————

DELORES DAVIS

                  PLAINTIFF,

    -versus-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES 1-2,"


                  DEFENDANTS.

———————————————————————

INDEX NO. 12CV6183 (PKC)

ECF CASE
COMPLAINT
[JURY TRIAL
  DEMANDED]

       Plaintiff DELORES DAVIS, by her attorneys, STECKLOW COHEN &
THOMPSON, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

   1.    Plaintiff DELORES DAVIS bring this action for compensatory damages, punitive
damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for
violations of her civil rights, as said rights are secured by said statutes and the
Constitutions of the State of New York and the United States.

   2.    On Saturday, May 14, 2011, Plaintiff DELORES DAVIS was a passenger in the
front seat of an SUV that her friend ("Friend") had parked on Park Avenue near 161st
Street in the Bronx, New York. Shortly after Friend parked her car, Plaintiff DELORES
DAVIS stepped out of the car, collected her belongings, and slung the straps of her
canvas tote bag on her shoulder. At or around this time, Plaintiff DELORES DAVIS and
Friend heard two male voices yelling and cursing from the car behind them. Not long
after, Plaintiff DELORES DAVIS spotted a black car occupied by two men whom she
soon recognized to be police officers from the local PSA.  Witnesses observed a non-
active "bubble light" detachable police emergency flasher/signal light on the dashboard
of the car, and one heard a police dispatch radio from within the car.  One or both of the
Defendant "John Doe" POLICE OFFICERS yelled toward Plaintiff DELORES DAVIS,
in sum and substance, "Move bitch!" and shortly thereafter, in sum and substance, "Get
the fuck out of the way!" The Defendant "John Doe" POLICE OFFICERS revved the
engine of their car repeatedly while hurling imprecations toward Plaintiff DELORES
DAVIS.  After the short moment it took for Plaintiff DELORES DAVIS to move out of
the lane of traffic, the driver's seat Defendant "John Doe II" POLICE OFFICER drove
their car at a high rate of speed toward Plaintiff DELORES DAVIS, and the Defendant
"John Doe I" POLICE OFFICER in the passenger seat grabbed or hooked Plaintiff
DELORES DAVIS' canvas bag as they passed, thereby causing her to be dragged
alongside their car for approximately one and a half car lengths, or approximately twenty
feet. As a result of the Defendant "John Doe" POLICE OFFICERS' conduct, Plaintiff
DELORES DAVIS required immediate treatment for her physical injuries and was driven
by an ambulance to a nearby hospital. In addition to her physical injuries, the Defendant
"John Doe" POLICE OFFICERS caused Plaintiff DELORES DAVIS to suffer intense

and continuing emotional distress, anguish, fear, humiliation, loss of freedom, and damage to her reputation and standing within her community.  In sum, Plaintiff DELORES DAVIS brings this claim as a quest for answers as to why New York City Police Officers sworn to serve and protect her instead harassed and brutalized her while going about their duties.

   3.    In compliance with the Southern District's "PLAN FOR CERTAIN § 1983 CASES AGAINST THE CITY OF NEW YORK," attached hereto as **Exhibit "A"** is an executed medical records release for the Plaintiff.

## II. JURISDICTION

   4.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

   5.    Plaintiff DELORES DAVIS further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

   6.    Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

## IV. JURY DEMAND

   7.    Plaintiff DELORES DAVIS respectfully demands a trial by jury for all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

   8.    At all times pertinent to this complaint, Plaintiff DELORES DAVIS is and was a resident of the CITY OF NEW YORK, State of New York, and the County of the Bronx.

   9.    Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

   10.    Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

   11.    That at all times hereinafter mentioned, the Defendant POLICE OFFICERS "JOHN DOES 1-2" (collectively "Defendant John Doe POLICE OFFICERS" or individually "Defendant John Doe POLICE OFFICER") were duly sworn POLICE OFFICERS of said department and were acting under the supervision of said department and according to their official duties.

   12.    The identities, *sui generis*, of the Defendant "John Doe" POLICE OFFICERS at issue here are known to the Plaintiff DELORES DAVIS at this time.

13.    Defendant "John Doe I" POLICE OFFICER presented as Caucasian, was bald and clean-shaven, stood about 5'8", was neither thin nor bulky, and appeared to be in his late 20's or early 30's on the date of the incident in question.

14.    Defendant "John Doe II" POLICE OFFICER presented as Hispanic, had black hair that he was wearing at a medium length, stood a bit taller than Defendant "John Doe I" Police Officer, was thinner than Defendant "John Doe I" Police Officer, and was driving the unmarked car on the date of the incident in question.

15.    Plaintiff DELORES DAVIS will amend this complaint to name the Defendant "John Doe" POLICE OFFICERS as their identities can be established to a reasonable certainty.

16.    That at all times hereinafter mentioned Defendant "John Doe I" POLICE OFFICER and Defendant "John Doe II" POLICE OFFICER (collectively, "Defendant "John Doe" POLICE OFFICERS") were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

17.    Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK.

18.    Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant CITY OF NEW YORK.


## VI. FACTS COMMON TO ALL CLAIMS

19.    Plaintiff DELORES DAVIS is a Citizen of the United States of America and a resident of Bronx, New York.

20.    Plaintiff DELORES DAVIS is an African-American woman who presents as black.

21.    The events herein described took place on Saturday, May 14, 2011.

22.    On Saturday, May 14th, 2011 at or around 1:45am, Plaintiff DELORES DAVIS was sitting in the passenger seat of a friend's ("Friend") SUV in the Bronx, New York.

23.    Plaintiff DELORES DAVIS had received a ride home after a gathering of close girlfriends, who were celebrating Plaintiff DELORES DAVIS' success in her recent diet to prepare for the summer swim season.

24.    Plaintiff DELORES DAVIS is an employee of the New York Unified Courts System.

25.    Plaintiff DELORES DAVIS' Friend who drove her home is an employee of the New York Department of Corrections.

26.    Friend had recently parked her SUV along Park Avenue near East 161st Street in order to allow Plaintiff DELORES DAVIS to step out of the SUV and walk into her home.

27.    Upon information and belief, the stretch of Park Avenue where Friend parked her SUV was wide enough for an average-width vehicle to successfully pass by or pull up beside another.

28.    At or around this time, Plaintiff DELORES DAVIS stepped out of Friend's car and onto Park Avenue.

29.    At or around this time, Plaintiff DELORES DAVIS grabbed her canvas tote bag out of Friend's car and slung it on her shoulder.

30.    At or around this time, Plaintiff DELORES DAVIS and Friend heard cursing and yelling from a car behind them.

31.    Shortly thereafter, Plaintiff DELORES DAVIS turned around and noticed a black car ("the car") in the middle of Park Avenue just behind them.

32.    The car's headlights were not on, despite the fact that it was late at night.

33.    Plaintiff DELORES DAVIS noticed that the car was occupied by two men.

34.    Plaintiff DELORES DAVIS' immediate concern was that Friend was about to be carjacked.

35.    On information and belief, shortly thereafter Plaintiff DELORES DAVIS recognized the two men as police officers from the local Police Service Area station ("PSA").

36.    On information and belief, Plaintiff DELORES DAVIS' Friend recognized Defendant "John Doe 1" POLICE OFFICER as a police officer from the local PSA.

37.    One or more witnesses observed a deactivated red "bubble light" police signal/flasher on the dashboard of the car.

38.    At or around this time, Plaintiff DELORES DAVIS made an effort to move to the sidewalk in order to go home.

39.    At or around this time, Plaintiff DELORES DAVIS made an effort to move to the sidewalk in order to get out of the lane of traffic.

40.    At or around this time, one of the Defendant POLICE OFFICERS yelled toward Plaintiff DELORES DAVIS, in sum and substance, "Get the fuck out of the way!"

41.    In response, Plaintiff DELORES DAVIS asked the Defendant POLICE OFFICERS, in sum and substance, "What am I doing wrong?"

42.    At or around this time, Defendant "John Doe II" POLICE OFFICER revved the car's engine in a threatening manner toward Plaintiff DELORES DAVIS.

43.    At or around this time, Defendant "John Doe II" POLICE OFFICER revved the car's engine in a manner that Plaintiff DELORES DAVIS perceived as threatening.

44.    At or around this time, one or both of the Defendant POLICE OFFICERS yelled toward Plaintiff DELORES DAVIS, in sum and substance, "Move bitch!"

45.    Plaintiff DELORES DAVIS was hurt, afraid, and embarrassed as a result of being subjected to the Defendant POLICE OFFICERS' conduct.

46.    At or around this time, Plaintiff DELORES DAVIS feared that the Defendant POLICE OFFICERS would use the car to run her over.

47.    Plaintiff DELORES DAVIS tried to move out of the roadway in front and to the left of Friend's car, but the cars were parked too closely together for her to move between them.

48.    The Defendant POLICE OFFICERS continued yelling and threatening Plaintiff DELORES DAVIS.

49.    Plaintiff DELORES DAVIS grew more frightened and panicked as a result of the Defendant POLICE OFFICERS' conduct.

50.    Plaintiff DELORES DAVIS was deeply afraid the Defendant POLICE OFFICERS would run her over.

51.    Plaintiff DELORES DAVIS scurried out of the roadway, across the narrow road from her Friend's car, into a gap between two parked cars in front of a fire hydrant.

52.    At or around this time, Defendant "John Doe II" POLICE OFFICER drove the car at a rapid rate of speed toward Plaintiff DELORES DAVIS.

53.    At or around this time, Defendant "John Doe II" POLICE OFFICER "peeled out" toward Plaintiff DELORES DAVIS.

54.    An instant later, the car reached the space along Park Avenue where Plaintiff DELORES DAVIS was standing.

55.    As the car rapidly passed, Defendant "John Doe I" POLICE OFFICER reached out of the window of the car and grabbed the canvas tote bag that Plaintiff DELORES DAVIS had slung over her shoulder.

56.    As the car rapidly passed, Defendant "John Doe I" POLICE OFFICER reached out of the window of the car and hooked the canvas tote bag that Plaintiff DELORES DAVIS had slung over her shoulder.

57.    As Plaintiff DELORES DAVIS was wearing the aforementioned bag above one of her shoulders, she was unable to separate herself from the bag.

58.    As Plaintiff DELORES DAVIS was unable to separate herself from the bag, Defendant "John Doe I" POLICE OFFICER's act of grabbing the bag caused Plaintiff DELORES DAVIS to be dragged alongside the car.

59.    The Defendant "John Doe" POLICE OFFICERS dragged Plaintiff DELORES DAVIS alongside the car for at least one-and-one-half car lengths.

60.    At no point during the incident in question did either of the Defendant "John Doe" POLICE OFFICERS attempt to prevent, stop, or otherwise obstruct the other Defendant "John Doe" POLICE OFFICER from yelling and cursing at Plaintiff DELORES DAVIS.

61.    At no point during the incident in question did Defendant "John Doe I" POLICE OFFICER attempt to prevent, stop, or otherwise obstruct Defendant "John Doe II" POLICE OFFICER from revving the car's engine toward Plaintiff DELORES DAVIS,

62.    At no point during the incident in question did Defendant "John Doe II" POLICE OFFICER attempt to prevent, stop, or otherwise obstruct Defendant "John Doe I" POLICE OFFICER from causing Plaintiff DELORES DAVIS to be dragged alongside their car.

63.    Upon information and belief, one-and-one-half car lengths is approximately twenty feet.

64.   While being dragged alongside the car, Plaintiff DELORES DAVIS —— in fear for her life and safety —— successfully freed herself and her bag from Defendant "John Doe I" POLICE OFFICER'S grasp.

65.   Shortly thereafter, Plaintiff DELORES DAVIS sat on the street on Park Avenue in the Bronx, physically injured, terrified, hurt, and embarrassed as a result of Defendant "John Doe" POLICE OFFICERS' conduct.

66.   At or around this time, the Defendant "John Doe" POLICE OFFICERS continued driving the car south along Park Avenue until they vanished from Plaintiff DELORES DAVIS' view.

67.   Due to the injuries the Defendant "John Doe" POLICE OFFICERS caused Plaintiff DELORES DAVIS by dragging her alongside a car for one-and-one-half car lengths, Plaintiff DELORES DAVIS required immediate medical attention.

68.   At or around this time, having observed the Defendant "John Doe" POLICE OFFICERS' conduct and Plaintiff DELORES DAVIS' resulting injuries, several witnesses to the incident ran to check on Plaintiff DELORES DAVIS.

69.   At or around this time, Plaintiff DELORES DAVIS was in shock.

70.   At or around this time, the witnesses attending to Plaintiff DELORES DAVIS believed her to be in shock.

71.   At or around this time, Plaintiff DELORES DAVIS was too shaken and hurt to speak.

72.   At or around this time, one of the witnesses called an ambulance for Plaintiff DELORES DAVIS.

73.   Approximately twenty minutes later, an ambulance arrived for Plaintiff DELORES DAVIS.

74.   The aforementioned ambulance drove Plaintiff DELORES DAVIS to Lincoln Hospital.

75.   While at Lincoln Hospital, Plaintiff DELORES DAVIS' received multiple x-rays.

76.   While at Lincoln Hospital, Plaintiff DELORES DAVIS received multiple CT scans.

77.   While at Lincoln Hospital, Plaintiff DELORES DAVIS was prescribed medication for her injuries.

78.   Plaintiff DELORES DAVIS continues to experience pain and suffering from her injuries sustained in the above-referred incident to date.

79.   Plaintiff DELORES DAVIS continues to experience emotional trauma and suffering from the Defendant POLICE OFFICERS' conduct against her to date.

80.   As result of the above-mentioned conduct, Plaintiff DELORES DAVIS was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, fear, humiliation, loss of freedom, and damage to her reputation and standing within her community.

81.   Defendant City of New York has had continuing and recurring notice that New York City Police Officers such as the Defendant "John Doe" POLICE OFFICERS regularly engage in a custom or practice of employing excessive and unnecessary force

against civilians.

82.    Defendant City of New York has had continuing and recurring notice that New York City Police Officers such as the Defendant "John Doe" POLICE OFFICERS regularly engage in a custom or practice of employing excessive and unnecessary force against ethnic minorities.

83.    Defendant City of New York has had continuing and recurring notice that New York City Police Officers in the Bronx such as the Defendant "John Doe" POLICE OFFICERS regularly engage in a custom or practice of employing excessive and unnecessary force against civilians.

84.    Defendant City of New York has had continuing and recurring notice that New York City Police Officers in the Bronx such as the Defendant "John Doe" POLICE OFFICERS regularly engage in a custom or practice of employing excessive and unnecessary force against ethnic minorities.

85.    Defendant City of New York has had continuing and recurring notice that New York City Police Officers regularly engage in a custom or practice of evincing a reckless disregard to the constitutional rights and wellbeing of persons belonging to ethnic minorities.

86.    Further information regarding these aforesaid customs and practices is set forth in the appendix attached hereto, "ADDITIONAL FACTS PLEADINGS IN SUPPORT OF MONELL CLAIMS," which is herein incorporated by reference.

87.    As a result of the Defendants' impermissible conduct, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

88.     Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

89.    All of the aforementioned acts of the Defendant CITY and Defendant POLICE OFFICERS, their agents, servants and employees, were carried out under the color of state law.

90.    The aforementioned acts of the Defendant POLICE OFFICERS were carried out under color of state law in that they were performed while on-duty as Police Officers for Defendant CITY OF NEW YORK.

91.    The aforementioned acts of the Defendant POLICE OFFICERS were carried out under color of state law in that they were performed while utilizing a police vehicle provided by Defendant CITY OF NEW YORK.

92.    The aforementioned acts of the Defendant POLICE OFFICERS were carried out under color of state law in that they were performed with a red "bubble light" police signal/flasher on the dashboard of the Defendant POLICE OFFICERS' police vehicle, indicating an immediate readiness status to respond to police business of substantially any sort.

93.    All of the aforementioned acts deprived Plaintiff DELORES DAVIS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

94.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as Police Officers, with all of the actual and/or apparent authority attendant thereto.

95.    The aforementioned acts of the Defendant POLICE OFFICERS were carried out by the Defendant POLICE OFFICERS in their capacities as Police Officers, in that they were performed while on-duty as Police Officers for Defendant CITY OF NEW YORK.

96.    The aforementioned acts of the Defendant POLICE OFFICERS were carried out by the Defendant POLICE OFFICERS in their capacities as Police Officers, in that they were performed while utilizing a police vehicle provided by Defendant CITY OF NEW YORK.

97.    The aforementioned acts of the Defendant POLICE OFFICERS were carried out by the Defendant POLICE OFFICERS in their capacities as Police Officers, in that they were performed with a red "bubble light" police signal/flasher on the dashboard of the Defendant POLICE OFFICERS' police vehicle, indicating an immediate readiness status to respond to police business of substantially any sort.

98.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as POLICE OFFICERS, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

99.    The Defendant POLICE OFFICERS and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

100.   As a result of the above constitutionally impermissible conduct, Plaintiff DELORES DAVIS was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, fear, humiliation, loss of freedom, and damage to her reputation and standing within her community.

101.   As a result of the Defendants' impermissible conduct, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

102.   Plaintiff DELORES DAVIS repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

103.   The Defendant "John Doe" POLICE OFFICERS and Defendant CITY OF NEW YORK had an affirmative duty to intervene on Plaintiff DELORES DAVIS' behalf to prevent the above-referred violations of her constitutional rights.

104.  The individual Defendant "John Doe" POLICE OFFICERS failed to intervene on Plaintiff DELORES DAVIS' behalf to prevent the violation of her constitutional rights despite having had realistic opportunities to do so.

105.  The individual Defendant "John Doe" POLICE OFFICERS failed to intervene on Plaintiff DELORES DAVIS' behalf to prevent the violation of her constitutional rights despite having substantially contributed to the circumstances within which the Plaintiff DELORES DAVIS' rights were violated by the Defendant POLICE OFFICERS affirmative conduct.

106.  As a result of the aforementioned conduct of the individual defendants, Plaintiff DELORES DAVIS' constitutional rights were violated.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

107.  Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

108.  Defendant "John Does" POLICE OFFICERS caused Plaintiff DELORES DAVIS to be dragged alongside their car in the absence of need for such action and force.

109.  The Defendant "John Doe" POLICE OFFICERS utilized excessive force against Plaintiff DELORES DAVIS by using offensive language toward her; to wit, instructing her to, in sum and substance, "Move, bitch" and, in sum and substance, "Get the fuck out of the way."

110.  At no point during the incident in question did the circumstances necessitate or support the above applications of force utilized by the Defendant "John Doe" POLICE OFFICERS against Plaintiff DELORES DAVIS.

111.  As a result of the Defendants' conduct, Plaintiff DELORES DAVIS suffered physical as well as mental and emotional injuries, violations of her civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to her reputation and standing within her community.

112.  As a result of Defendants' impermissible conduct, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER *MONELL*

113.  Defendants used excessive force on Plaintiff DELORES DAVIS in the absence of any evidence of criminal wrongdoing or other justification for the use of such force, notwithstanding their knowledge that said uses of force were unreasonable, unjustified, and would jeopardize Plaintiff DELORES DAVIS' liberty, well-being, safety and constitutional rights.

114.  Plaintiff also incorporates herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACTS PLEADINGS IN SUPPORT OF MONELL CLAIMS."

115.  The Defendant "John Doe" POLICE OFFICERS utilized excessive force against Plaintiff DELORES DAVIS by using their car to drag her along Park Avenue for one-and-one-half car lengths.

116.  The Defendant POLICE OFFICERS' actions were undertaken pursuant to a pervasive custom or widespread practice of Defendant CITY OF NEW YORK's Police Officers utilizing excessive and unnecessary force against civilians for personal vindication.

117.  Defendant CITY OF NEW YORK has been aware of this custom or practice and has failed to take any meaningful action to curb or prevent Defendant CITY OF NEW YORK's Police Officers from engaging in acts pursuant to said custom or practice.

118.  The Defendant POLICE OFFICERS' actions were undertaken pursuant to a pervasive custom or widespread practice of Defendant CITY OF NEW YORK's Police Officers utilizing excessive and unnecessary force against minorities for personal vindication.

119.  Defendant CITY OF NEW YORK has been aware of this custom or practice and has failed to take any meaningful action to curb or prevent Defendant CITY OF NEW YORK's Police Officers from engaging in acts pursuant to said custom or practice.

120.  The Defendant POLICE OFFICERS' actions were undertaken pursuant to a pervasive custom or widespread practice of Defendant CITY OF NEW YORK's Police Officers utilizing excessive and unnecessary force against civilians without fear of personal or professional repercussions owing to the custom or practice of a "Code of Silence" or "Blue Wall of Silence," wherein police officers protect other police officers from personal and professional repercussions for their bad acts by refusing to cooperate with investigations into same.

121.  Defendant CITY OF NEW YORK has been aware of this custom or practice and has failed to take any meaningful action to curb or prevent Defendant CITY OF NEW YORK's Police Officers from engaging in acts pursuant to said custom or practice.

122.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, the Plaintiff DELORES DAVIS was subjected to excessive force.

123.  As a result of the foregoing, Plaintiff DELORES DAVIS was caused to suffer personal injuries, violations of her civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to her reputation and standing within her community.

124.  As a result of the foregoing, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**STATE LAW – NEGLIGENT HIRING AND RETENTION**
**AGAINST DEFENDANT CITY OF NEW YORK**

125. Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

126. Upon information and belief, Defendant CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the Defendant "John Doe" POLICE OFFICERS who conducted and participated in the acts of subjecting Plaintiff DELORES DAVIS to battery, assault, and excessive force in the manner described herein.

127. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the aforesaid Defendant "John Doe" POLICE OFFICERS to engage in the wrongful conduct heretofore alleged in this complaint.

128. As a result of the foregoing conduct, Plaintiff DELORES DAVIS was caused to suffer personal injuries, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to her life.

129. As a result of Defendants' impermissible conduct, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## STATE LAW – NEGLIGENT TRAINING AND SUPERVISION
## AGAINST DEFENDANT CITY OF NEW YORK

130. Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

131. Upon information and belief, Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid Defendant "John Doe" POLICE OFFICERS who conducted and participated in the battery, assault, and use of excessive force against Plaintiff DELORES DAVIS.

132. Defendant CITY OF NEW YORK knew, or should have known that the requirements, guidelines, and terms of its training for Defendant "John Doe" POLICE OFFICERS were insufficient and inadequate to prevent the Defendant "John Doe" POLICE OFFICERS from engaging the wrongful conduct heretofore alleged in this complaint.

133. As a result of the foregoing conduct, Plaintiff DELORES DAVIS was caused to suffer personal injuries, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to her life.

134. As a result of Defendants' impermissible conduct, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## STATE LAW - GENERAL NEGLIGENCE
## AGAINST THE DEFENDANT "JOHN DOE" POLICE OFFICERS

135. Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

136. The Defendant "John Doe" POLICE OFFICERS owed Plaintiff DELORES

DAVIS and all citizens of DEFENDANT CITY OF NEW YORK a duty of "courtesy, professionalism, and respect," as stated on the sides of marked NYPD police vehicles.

137. The Defendant "John Doe" POLICE OFFICERS owed Plaintiff DELORES DAVIS a duty of care to not subject her to battery, assault, or excessive force.

138. The Defendant "John Doe" POLICE OFFICERS breached these duties by revving the engine of their car toward Plaintiff DELORES DAVIS.

139. The Defendant "John Doe" POLICE OFFICERS breached these duties by dragging Plaintiff DELORES DAVIS alongside their car for one-and-one-half car lengths.

140. Defendant "John Doe II" POLICE OFFICER should have foreseen that grabbing Plaintiff DELORES DAVIS' canvas tote bag from their moving vehicle would cause Plaintiff DELORES DAVIS to be dragged alongside their car.

141. Defendant "John Doe II" POLICE OFFICER should have foreseen that revving the engine of their car toward Plaintiff DELORES DAVIS would put her in an apprehension of imminent offensive and unlawful bodily contact.

142. Defendant "John Doe II" POLICE OFFICER should have foreseen that dragging Plaintiff DELORES DAVIS alongside their car would cause Plaintiff DELORES DAVIS to suffer physical as well as mental and emotional injuries.

143. Defendant "John Doe II" POLICE OFFICER's breach of the above-referred duties owed to Plaintiff DELORES DAVIS was the direct and proximate cause of Plaintiff DELORES DAVIS physical as well as mental and emotional injuries.

144. Further, the Defendant POLICE OFFICERS had a duty to assist Plaintiff DELORES DAVIS after placing her in peril with the above-described acts.

145. The Defendant POLICE OFFICERS should have foreseen that Plaintiff DELORES DAVIS would be placed in mental distress by the Defendant POLICE OFFICERS effective "hit-and-run" of Plaintiff DELORES DAVIS.

146. The Defendant POLICE OFFICERS' breach of the duty to assist Plaintiff DELORES DAVIS exacerbated her physical injuries and caused her additional mental and emotional injuries.

147. Plaintiff DELORES DAVIS received both actual and substantial physical as well as mental and emotional injuries as a result of the Defendant "John Doe" POLICE OFFICERS' breach of their duties owed to her.

148. As a result of the Defendants' conduct, Plaintiff DELORES DAVIS was caused to suffer personal injuries, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and standing within her community.

149. As a result of the Defendant "John Doe" POLICE OFFICERS' negligent conduct, Plaintiff DELORES DAVIS demands judgment against Defendants in a sum of money to be determined at trial.

**EIGHTH CLAIM FOR RELIEF**
**STATE LAW - GENERAL NEGLIGENCE**

### AGAINST DEFENDANT CITY OF NEW YORK

150. Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

151. The Defendant "John Doe" POLICE OFFICERS were on-duty Police Officers for Defendant CITY OF NEW YORK at the time of the incident giving rise to this action.

152. The Defendant "John Doe" POLICE OFICERS were utilizing a vehicle provided to them by Defendant CITY OF NEW YORK for the performance of their duties as employees of Defendant CITY OF NEW YORK at the time of the incident giving rise to this action.

153. Defendant CITY OF NEW YORK is vicariously liable for the negligent acts of its agents, the Defendant "John Doe" POLICE OFFICERS.

154. The Defendant CITY OF NEW YORK owed a duty to Plaintiff DELORES DAVIS to prevent her from being subjected to battery, assault, and excessive force by the Defendant "John Doe" POLICE OFFICERS.

155. The Defendant CITY OF NEW YORK breached this duty by allowing Plaintiff DELORES DAVIS to sustain physical, mental, and emotional injuries as a result of being dragged by the Defendant "John Doe" POLICE OFFICERS car for one-and-one-half car lengths.

156. The Defendant CITY OF NEW YORK should have foreseen that allowing the Defendant "John Doe" POLICE OFFICERS to become and remain officers of the NYPD would cause them to subject individuals generally and Plaintiff DELORES DAVIS specifically to battery, assault, and the use of excessive force.

157. The Defendant CITY OF NEW YORK's breach of its duty owed to Plaintiff DELORES DAVIS was the direct and proximate cause of Plaintiff DELORES DAVIS' physical as well as mental and emotional injuries.

158. Plaintiff DELORES DAVIS received both actual and substantial physical as well as mental and emotional injuries as a result of the Defendant CITY OF NEW YORK's breach of its duty owed to her.

159. As a result of the Defendant's impermissible conduct, Plaintiff DELORES DAVIS was caused to suffer personal injuries, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damages to her life.

160. As a result of the Defendant's impermissible conduct, Plaintiff DELORES DAVIS demands judgment against Defendant CITY OF NEW YORK in a sum of money to be determined at trial.

### NINTH CLAIM FOR RELIEF
### STATE LAW – BATTERY
### AGAINST THE DEFENDANT "JOHN DOE" POLICE OFFICERS

161. Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every

allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

162.  The Defendant "John Doe" POLICE OFFICERS committed battery upon Plaintiff DELORES DAVIS in their act of making bodily contact with Plaintiff DELORES DAVIS by grabbing the canvas shopping bag that Plaintiff DELORES DAVIS was wearing above one of her shoulders.

163.  The Defendant "John Doe" POLICE OFFICERS committed battery upon Plaintiff DELORES DAVIS in their act of making bodily contact with Plaintiff DELORES DAVIS by grabbing the canvas shopping bag that she was wearing above one of her shoulders and thereby causing her to be dragged alongside their car.

164.  The Defendant "John Doe" POLICE OFFICERS' performed this act of making bodily contact with Plaintiff DELORES DAVIS with the intent to do so.

165.  The Defendant "John Doe" POLICE OFFICERS' act of making bodily contact with Plaintiff DELORES DAVIS was offensive in nature to Plaintiff DELORES DAVIS.

166.  The Defendant "John Doe" POLICE OFFICERS' act of making bodily contact with Plaintiff DELORES DAVIS would be objectively offensive in nature to a reasonable person aware of the circumstances of the incident in question.

167.  The Defendant "John Doe" POLICE OFFICERS performed their act of making bodily contact with Plaintiff DELORES DAVIS without privilege or consent from Plaintiff DELORES DAVIS.

168.  As a result of the Defendants' non-consensual and unprivileged physical contact, Plaintiff DELORES DAVIS was caused to suffer physical as well as mental and emotional injuries, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, and humiliation.

169.  As a result of the foregoing, Plaintiff DELORES DAVIS is entitled to compensatory damages and punitive damages against Defendants in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF
### STATE LAW – ASSAULT
### AGAINST THE DEFENDANT "JOHN DOE" POLICE OFFICERS

170.  Plaintiff DELORES DAVIS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

171.  The Defendant "John Doe" POLICE OFFICERS assaulted Plaintiff DELORES DAVIS by putting her in apprehension of imminent harmful and offensive bodily contact by repeatedly revving the engine of their car in the direction of Plaintiff DELORES DAVIS.

172.  Evidence that the Defendant "John Doe" POLICE OFFICERS' act of revving their car's engine was directed toward Plaintiff DELORES DAVIS lies in the fact that the Defendant "John Doe" POLICE OFFICERS had recently directed Plaintiff DELORES DAVIS to, in sum and substance, "Move bitch" and, in sum and substance, "Get the fuck

out of the way."

173. The Defendant "John Doe" POLICE OFFICERS act of revving their car's engine toward Plaintiff DELORES DAVIS put her in an apprehension of a battery from the Defendant "John Doe" POLICE OFFICERS.

174. The Defendant "John Doe" POLICE OFFICERS act of revving their car's engine toward Plaintiff DELORES DAVIS would put a reasonable person aware of the circumstances of the incident in question in an apprehension of a battery from the Defendant "John Doe" POLICE OFFICERS.

175. As a result of the Defendants' conduct, Plaintiff DELORES DAVIS was caused to suffer physical as well as mental and emotional injuries, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, and humiliation.

176. As a result of the foregoing, Plaintiff DELORES DAVIS is entitled to compensatory damages and punitive damages against Defendants in an amount to be determined at trial.


 WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

   [a] Invoke pendent party and pendent claim jurisdiction.

   [b] Award appropriate compensatory and punitive damages.

   [c] Award appropriate declaratory and injunctive relief.

   [d] Empanel a jury.

   [e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the
         interest of justice.


DATED:      New York, New York
            August 13, 2012


                                    Respectfully submitted,


                                    _____~/s/~_____
                                    SAMUEL B. COHEN [SC 0622]
                                    STECKLOW, COHEN & THOMPSON
                                    10 Spring Street Suite 1
                                    New York, New York 10012
                                    [212] 566-8000
                                    [212] 202-4952/FAX
                                    ATTORNEYS FOR
                                    PLAINTIFF DELORES DAVIS